(No. 4126—

MAURICE HASSELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1949.*

A. F. ALLEN, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, for Respondent.

LANSDEN, J.

This claim is based upon Section 372a of Chapter 23 of Illinois Revised Statutes (1947) entitled "An Act concerning damages caused by escaped inmates of charitable institutions over which the State has control", reading as follows:

> 372a. Claims for damages by inmates of charitable institutions.
> Whenever a claim is filed with the Department of Public Welfare for payment of damages to property, or for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Welfare shall conduct an investigation to determine the cause, nature and extent of the damages inflicted and if it be found after investigation that the damage was caused by

one who had been an inmate of such institution and had escaped, the said Department may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have power to hear and determine such claims.

The above quoted statute and Section 8A of the Act creating the Court of Claims, Illinois Revised Statutes (1947), Chapter 37, Section 439.8, specifically confer jurisdiction upon this Court to determine the case herein involved.

The record in this case consists of complaint, departmental report, transcript of evidence, commissioner's report, and stipulation waiving briefs of both parties, an examination of which discloses the following:

On the evening of June 17, 1948, at about 11:00 P.M., Maurice Hassell, claimant, parked his Cadillac automobile in front of his home at 537 West Main Street, Batavia, Illinois. At that time the automobile was locked and in good running condition and mechanical condition, and contained approximately ten gallons of gasoline in its storage tank. Also, several items of personal property of the claimant were in the automobile including a bowling ball, bag and shoes, a man's sport shirt, a pair of men's street shoes, a new woman's dress and a man's business suit. During the night the automobile was stolen. The automobile was repossessed June 21, 1948, in Chicago. The items of personal property were missing. When found, the automobile was damaged and in very poor mechanical condition. The electric wiring was cut—apparently at the time of theft to start the car in view of the locked ignition system.

Two work uniforms and two pair of work gloves were found in the automobile when it was repossessed by claimant. The uniforms were traced by identification number to a certain cottage of the nearby Illinois State

Training School for Boys at St. Charles, Illinois. The respondent admits that two inmates of this cottage escaped at 9:00 P.M. the evening of the theft of claimant's automobile. The said inmates at the time of their escape were working in the power house of the institution. The gloves found in claimant's automobile bore a heavy coating of coal and ash dust such as would be expected when worn on duty in and about the power house.

The total damages to claimant claimed as resulting from the above theft of his automobile include $10.00 payment for care of the automobile in the course of its reclamation; $2.00 for gasoline; $82.85 for automobile repairs and $140.50 for loss of the above described items of personal property. Mr. Hassell, a trucking company manager, made further claim for $20.00 for reimbursement for expenses caused by loss of use of his automobile during the four-day period and for sending one man to pick up the automobile.

The departmental report of respondent states in part as follows:

"The institution is of the opinion that the evidence known to itself as herein reported in the various sections of this report substantiates the representations of the claimant as true and as justly entitling claimant to the amount claimed in bill of particulars, after allowing all just credits.

". . . The Cadillac automobile was inspected by Mr. W. S. Ford, and the damage to fenders, ignition and wiring noted. Motor was started in the presence of Mr. W. S. Ford and performance was noted to be very irregular and noisy.

". . . The pertinent facts of the claim appear to be borne out by the facts known to the institution to be true; namely, the time of the reported runaway of the two named inmates, the finding and return of certain articles of clothing by the claimant in his car upon its return to him and which articles of clothing were unquestionably worn by the missing inmates, being clearly identified as belonging to Hayes Cottage, the cottage to which said inmates were assigned on the date of their escape. Furthermore, the records indicate no other missing inmates

from Hayes on June 17th, 1948. The institution would therefore offer no objection to a favorable judgment on behalf of the complainant."

The value of the items of personal property stolen was adequately proven, and the costs of parts and labor required to repair the automobile are fair and reasonable.

The record discloses compliance with the above quoted provisions of the special statute for this type of case, and in accordance with previous decisions of this Court, *Carls* vs. *State,* 15 C.C.R. 26, 29; *Johnson* vs. *State,* 15 C.C.R. 126, claimant is entitled to be reimbursed for the items of damage claimed.

An award is therefore entered in favor of Maurice Hassell, claimant, in the sum of Two Hundred Fifty-five Dollars and Thirty-five Cents ($255.35).